AMY, J.,
dissenting.
| j After reconsideration of this matter in light of the supreme court’s instruction on remand, I continue to conclude that the trial court erred in finding Mr. Lenard personally liable. As I expressed in my original dissent, I do not find that a determination of personal liability was appropriate pursuant to La.R.S. 12:1320 or the analysis provided in Ogea v. Merritt, 13-1085 (La.12/10/13), 130 So.3d 888.
Certainly, the initial inquiry is whether Mr. Lenard, as a contractor, may be considered a “professional” so as to fall outside of La.R.S. 12:1320(B)’s broad pronouncement that unless “otherwise specifically set forth ..., no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company.” However, per La.R.S. 12:1320(D), an LLC member/manager may be assessed with liability for “any breach of professional duty or other negligent or wrongful act by such person[.]”
On remand, I again conclude that the breach of professional duty exception invokes those professions whose members owe separate, non-contractual duties to their clients. To apply the exception otherwise would, in my view, open any member or manager of an LLC to personal liability upon a finding of professional | ¡¡liability. Such potential exposure to liability is at odds with the broad limitation of liability contained in La.R.S. 12:1320(B).
Although Ogea, 130 So.3d 888, does not resolve the issue of whether a general contracting license confers a “professional” persona to an individual for purposes of the exception of La.R.S. 12:1320(B), the opinion otherwise notes various instances in which legislation sets apart a “profession” from other defined entities. Id. Importantly, contracting is not included among professional corporations listed in the Louisiana Revised Statutes, Title 12. Id. Further, and returning to what I find to be an important component of “professional” status, there is no indication that contractors owe a separate, non-contractual duty to their customers as many of the members of the professional corporations listed in Title 12 may. Thus, I maintain my position that the plaintiff did not demonstrate that the “breach of professional duty” exception applied to Mr. Lenard in his personal capacity.
Neither do I find that the plaintiff proved the availability of La.R.S. 12:1320(D)’s alternative cause of action against an LLC member for “other negligent or wrongful act by such person[J” Ogea described four factors for consideration of that exception as follows: 1) whether a member’s conduct can be fairly characterized as a traditionally recognized tort; 2) whether a member’s conduct can be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the subject conduct was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct was performed outside the member’s capacity as a member. Ogea, 130 So.3d 888. The latter two elements are particularly instructive in my opinion.
First, it seems apparent to me the conduct now at issue, i.e., the supervision of employees in this aspect of construction, was required by or in furtherance of |sthe contract between the plaintiff and the LLC. Thus, “it follows that if the reason a member is engaged in the conduct at issue *78 is to satisfy a contractual obligation of the LLC, then the member should be more likely to qualify for the protections of the general rule of limited liability in La.R.S. 12:1320(B).” Ogea, 130 So.3d at 904. Simply, the contract in this case was entered into between the plaintiff and the LLC and the elevation/foundation work was to be performed by that company. Thus, I again find that Mr. Lenard’s role in the supervision of his own employees and/or subcontractors was in furtherance of that contract.
Similarly, and with regard to element Number 4, it is evident that Mr. Lenard’s alleged conduct was within the context of his membership in the LLC and not undertaken in a personal capacity. To the extent that the plaintiffs claim is one alleging poor workmanship, Ogea, 130 So.3d at 905-06, explains that “a showing of poor workmanship arising out of a contract entered into by the LLC, in and of itself, does not establish a ‘negligent or wrongful act’ under La.R.S. 12:1320(D). To hold that poor workmanship alone sufficed to establish personal liability would allow the exception in La.R.S. 12:1320(D) to negate the general rule of limited liability in La. R.S. 12:1320(B).” In my opinion, the trial court’s findings, under the facts now present, do, in fact, impermissibly allow the exception of Paragraph D to negate the general rule advanced by Paragraph B.
Finding La.R.S. 12:1320(D) inapplicable, I respectfully dissent from the majority opinion. I re-urge my view that the trial court’s finding of personal liability should be reversed.